# EXHIBIT 1



CSC

# Notice of Service of Process

**SLM / ALL**
**Transmittal Number: 18563909**
**Date Processed: 08/14/2018**

| | |
|---|---|
| Primary Contact: | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street,  9275-LC12L<br>Saint Paul, MN 55102 |

| | |
|---|---|
| Entity: | The Travelers Indemnity Company<br>Entity ID Number  2317465 |
| Entity Served: | The Travelers Indemnity Company |
| Title of Action: | Landmark Recovery of Louisville, LLC vs. The Travelers Indemnity Company |
| Document(s) Type: | Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Jefferson County Circuit Court, Kentucky |
| Case/Reference No: | **COURTESY COPY** |
| Jurisdiction Served: | Connecticut |
| Date Served on CSC: | 08/13/2018 |
| Answer or Appearance Due: | Other/NA |
| Originally Served On: | Travelers on 08/13/2018 |
| How Served: | Client Direct |
| Sender Information: | M. Thurman Senn<br>502-589-2780 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

NO. _____

**JEFFERSON CIRCUIT COURT**

**DIVISION**_____

**JUDGE**_____

**LANDMARK RECOVERY OF LOUISVILLE, LLC**,                                    PLAINTIFF
4825 E. Cactus Road, Suite 120
Scottsdale, Arizona 85254

v.                          **COMPLAINT**
                    **(Jury Trial Demanded)**
                    – *Electronically Filed* –

**THE TRAVELERS INDEMNITY COMPANY**,                                    DEFENDANT
One Tower Square
Hartford, CT 06183
**(Serve Via Certified Mail:**
        Corporation Service Company
        Attn: Registered Agent for The Travelers Indemnity Co.
        421 West Main Street
        Frankfort, KY 40601)

\* \* \* \* \* \* \*

The Plaintiff, Landmark Recovery of Louisville, LLC ("Landmark"), by counsel, for its

Complaint against the Defendant, The Travelers Indemnity Company ("Defendant" or

"Travelers"), states as follows:

**PARTIES**

1.     Landmark is a limited liability company organized and existing under the laws of

the State of Delaware specializing in addiction recovery.  Landmark has duly and properly

qualified to transact business in the Commonwealth of Kentucky.

2.     Travelers is an insurance company organized and existing under the laws of the

State of Connecticut that has obtained a certificate of authority from, and is registered with the

Kentucky Department of Insurance, to sell the policy of insurance at issue in this proceeding.

Travelers transacts business in the Commonwealth of Kentucky generally including in Jefferson

920FE349-D4A9-4F01-A689-95969FECAF79 : 000001 of 000022

920FE349-D4A9-4F01-A689-95969FECAF79 : 000002 of 000022

County, Kentucky, and it also contracts to provide insurance policies in the Commonwealth of Kentucky generally, including in Jefferson County, Kentucky.

### GENERAL NATURE OF THE CASE

3.      This action arises out of Travelers' improper denial of an insurance claim for damaged property located in Louisville, Jefferson County, Kentucky.

### JURISDICTION AND VENUE

4.      The Court has jurisdiction over the subject matter of this action pursuant to KRS 23A.010 in that it is a justiciable cause of action not exclusively vested in another court and involves an actual controversy among the parties involving a claim for damages in excess of the amount of the minimum jurisdiction of this Court.

5.      This Court has jurisdiction over the Defendant because it transacted business in Jefferson County, Kentucky.

6.      Venue is proper in Jefferson County pursuant to KRS 452.445 as Landmark transacted with Traveler's claim's agent in Jefferson County, Kentucky, pursuant to KRS 452.445 as Travelers' agents have places of business in Jefferson County, Kentucky, and/or pursuant to KRS 452.445 and KRS 452.450 as Jefferson County, Kentucky is the county in which the insurance contract at issue was performed, in whole or in part.

### GENERAL ALLEGATIONS

7.      The dispute relates to Travelers' improper denial of an insurance claim for property damage.

8.      On September 21, 2016, Daymar Properties of Louisville, LLC ("Daymar") owned the real property having the street address of 4112 Fern Creek Road, Louisville, KY 40219 (the "Real Property"), and the building and associated fixtures and equipment located

thereon (the  "Building").  As used herein the "Property" refers to the Real Property and the Building.

9.     On or about September 21, 2016, Travelers issued a policy of insurance for the benefit of Daymar which insured the Property ("Policy"). Upon information and belief formed after inquiry reasonable under the circumstances, the Policy (a) had the Policy Number of either YK-630-2C54369A-IND-16 or Y-630-2C54369A-IND-16 and (b) had a policy period of one year ending on or about September 21, 2017.

10.    Upon information and belief formed after inquiry reasonable under the circumstances, attached hereto as **Exhibit 1** and incorporated herein by reference is a true and correct copy of declaration pages of the Policy generally setting forth the coverage amounts, schedule of locations and buildings, and named insureds under the Policy.

11.    Landmark entered into a contract to purchase the Property from Daymar on or about January 10, 2017 ("Purchase Agreement").

12.    At the time Daymar entered into the Purchase Agreement with Landmark, the Property was leased to and occupied by a tenant of Daymar's who was Dunamis Christian Faith Church, Inc. a/k/a Dunamis World Outreach Church ("Dunamis").

13.    Daymar took possession of the Property from Dunamis on January 31, 2017.

14.    After entering into the Purchase Agreement, Daymar and Landmark directly or through their vendors, suppliers, and contracts engaged in various work with respect, including at the Real Property and in the Building, to maintain it and to determine if the Property would meet Landmark's needs and applicable building code requirements for its intended use for a detoxification hospital (the "Pre-Closing Work").

15.    While the Pre-Closing Work was proceeding, the Building was burglarized, vandalized, and damaged (the "Event").  That physical damage caused by the Event (the

3

"Damage") included the roof top air conditioning units and ventilation fans having been removed or damaged which allowed water to enter into the Building and causing interior water damage to the Building.

16.     Upon information and belief formed after inquiry reasonable under the circumstances, the Event occurred on or about the period between March 14, 2017, and March 17, 2017.

17.     The Event, and the Damage caused by the Event, was a loss that Travelers was obligated to pay under the Policy.

18.     Daymar timely and properly presented a claim under the Policy to Travelers on account of the Event and the Damage (the "Claim").

19.     Travelers gave the Claim its Claim Number DHR1448.

20.     In administering the Claim, Travelers incorrectly identified the "Date of Loss" for the Event as being July 11, 2017.

21.     By letter dated August 3, 2017 (the "Claim Denial Letter"), Travelers advised Daymar that Travelers "determined that your policy does not cover your claim." Attached hereto as **Exhibit 2** and incorporated herein by reference is a true and correct copy of the Claim Denial Letter.

22.     The sole basis set forth in the Claim Denial Letter for denying the Claim was Travelers' contention that the "property has been vacant since February 1, 2017" and the Event occurred on July 11, 2017, such that a "Limitation" in the Policy applied to eliminate coverage. As stated by Travelers in the Claim Denial Letter, it relied upon a "Limitation" which limits coverage "If the building where loss or damage occurs [sic] has been 'vacant' for a period of more than 60 consecutive days before that loss or damage occurs...."

4

23.     Travelers' basis for denial of the Claim is erroneous because (1) the Property was not vacant when the Event occurred, and (2) even if the Property was vacant when the Event occurred, the Property had not been vacant for more than 60 consecutive days before the Event.

24.     As part of its agreement to purchase the Property, Daymar and Landmark entered into a written agreement in which Daymar assigned to Landmark all of Daymar's rights under the Policy relating to the Claim, including, but not limited to, the right to recover and apply to Landmark's sole benefit any amounts owed by Travelers in respect of the Claim (the "Assignment of Claim"). Attached hereto as **Exhibit 3** and incorporated herein by reference is a true and correct copy of the Assignment of Claims.

25.     Landmark has sent numerous communications, including exhibits documenting its Claim, to Travelers which demonstrate the validity of the Claim and Traveler's obligation to pay it.

26.     Despite repeated demands, Travelers wrongfully refuses to honor the terms of its contract and continues to improperly deny the Claim.

## Count I
## Breach Of Contract

27.     Landmark realleges each and every one of the allegations contained in Paragraphs 1 through 26 of this Complaint.

28.     Daymar and Landmark have fully satisfied in all material respects all requirements under the Policy for submitting the Claim and having the Claim honored by Travelers.

29.     Traveler's has breached its contractual obligations under the Policy by its wrongful denial of the Claim.

920FE349-D4A9-4F01-A689-95969FECAF79 : 000005 of 000022

920FE349-D4A9-4F01-A689-95969FECAF79 : 000006 of 000022

30.     Landmark has been damaged by Traveler's wrongful denial of the Claim and Traveler's breach of its contractual obligations under the Policy in an amount in excess of the jurisdictional limits for this Court.

WHEREFORE, Landmark demands judgment against Travelers as set forth in its Demand For Relief below.

**Count II**
**Unfair Insurance Practices**

31.     Landmark realleges each and every one of the allegations contained in Paragraphs 1 through 30 of this Complaint.

32.     Upon information and belief formed after inquiry reasonable under the circumstances, Travelers has not complied with the Kentucky statutes and regulations requiring insurance companies to fairly settle claims.

33.     KRS 304.12-230(1) declares it to be an unfair claims settlement practice for representatives of Travelers to engage in "[m]isrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;…."

34.     Upon information and belief formed after inquiry reasonable under the circumstances, Travelers has violated KRS 304.12-230(1) by misrepresenting the date when the Event occurred and/or misrepresenting that the Property had been vacant for a period of more than 60 consecutive days before the Event.

35.     KRS 304.12-230(3) declares it to be an unfair claims settlement practice for representatives of Travelers "[f]ailing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies."

36.     Upon information and belief formed after inquiry reasonable under the circumstances, Travelers has not promptly investigated the Claim in accordance with reasonable standards.

37.     KRS 304.12-230(4) declares it to be an unfair claims settlement practice for representatives of Travelers "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information."

38.     Upon information and belief formed after inquiry reasonable under the circumstances, Travelers did not conduct a reasonable investigation based upon all available information in its refusal to pay the Claim.

39.     Under KRS 446.070, Landmark has a cause of action against Travelers for all violations of KRS 304.12-230 by Travelers.

40.     Travel's failed to make a good faith attempt to settle the Claim within 30 days from the date upon which notice and proof of the Claim was provided to it, and, under KRS 304.12-235(2), Landmark is entitled to interest on the amount of its claim at the rate of 12% per annum from and after the expiration of the thirty (30) day period.

41.     Traveler's failure to honor the Claim was without reasonable foundation, and, under KRS 304.12-235(3), Landmark is entitled to be reimbursed its reasonable attorneys' fees incurred in presenting its Claim and in this proceeding.

WHEREFORE, Landmark demands judgment against Travelers as set forth in its Demand For Relief below.

### Demand For Relief

WHEREFORE, the Plaintiff demands as follows:

I.      That Landmark be awarded a judgment against the Defendant, Travelers, in an amount, in excess of this Court's jurisdictional amount, as shown by the evidence; and,

II.     That Landmark be awarded its costs herein expended, its reasonable attorneys' fees, and prejudgment and post-judgment interest as allowed by law; and,

III.     That Landmark be given leave to amend this Complaint to assert any further additional causes of action or to seek any further remedies that may become available or which may be discovered during the course of this proceeding; and,

IV.     Trial by jury on all claims and issues so triable; and,

V.     That Landmark have any and all other relief to which it may appear entitled.

Respectfully submitted,

MORGAN & POTTINGER, P.S.C.

By:  */s/ M. Thurman Senn*
   J. Morgan McGarvey (KBA #92133)
   jmm@morganandpottinger.com
   M. Thurman Senn (KBA #82343)
   mts@morganandpottinger.com
   401 S. Fourth Street, Suite 1200
   Louisville, Kentucky 40202
   (502) 589 – 2780
   *Counsel for Plaintiff*

920FE349-D4A9-4F01-A689-95969FECAF79 : 000008 of 000022

8



**TRAVELERS J**                      One Tower Square, Hartford, Connecticut 06183

DELUXE PROPERTY COVERAGE                POLICY NUMBER: Y-630-2C54369A-IND-16
PART DECLARATIONS                       ISSUE DATE: 09-21-16

INSURING COMPANY:
THE TRAVELERS INDEMNITY COMPANY

EFFECTIVE DATE:  Same as policy unless otherwise specified:

DELUXE PROPERTY COVERAGE FORM


COVERAGES AND LIMITS OF INSURANCE - DESCRIBED PREMISES

Insurance applies on a BLANKET basis only to a coverage or type of property for
which a Limit of Insurance is shown below, and then only at the premises
locations for which a value for such coverage or property is shown on the
Statement of Values dated 09/01/15, or subsequently reported to and insured by
us. For Insurance that applies to a specific premises location see Deluxe
Property Coverage Part Schedule - Specific Limits.


| Blanket Description of Coverage or Property | | Limits of Insurance |
|---|---|---|
| Building(s) | $ | 11,872,500 |
| Your Business Personal Property | $ | 5,066,577 |

    COINSURANCE PROVISION:

    Coinsurance does not apply to the Blanket coverages
    as shown above.

    EXCEPTION(S):

    Coinsurance (See DX T3 12) applies to the following Covered Property for
    which a percentage factor is shown below:

        Building(s)                                          90 %
        Your Business Personal Property                      90 %

    VALUATION PROVISION:

    Replacement cost (subject to limitations) applies to most
    types of covered property (See Valuation Loss Condition in DX T1 00).


                                                  | Exhibit 1 |

DX T0 00 11 12

PRODUCER: COBBS ALLEN & HALL INC            F6382     OFFICE:BIRMINGHAM        014

920FE349-DAA9-4F01-A689-95969FECAF79 : 000009 of 000022



**TRAVELERS**                          One Tower Square, Hartford, Connecticut  06183

DELUXE PROPERTY COVERAGE            POLICY NUMBER:  Y-630-2C54369A-IND-16
PART DECLARATIONS                   ISSUE DATE: 09-21-16

DELUXE PROPERTY COVERAGE PART SCHEDULE - SPECIFIC LIMITS - DESCRIBED PREMISES

Insurance applies only to a premises location and building number and to a
coverage or type of property for which a Specific Limit of Insurance is shown on
schedule DX 00 03.

    COINSURANCE PROVISION:

    Coinsurance does not apply to any Building, Personal Property
    or "Stock" coverage for which a Specific Limit of Insurance
    applies as shown on schedule DX 00 03.

    VALUATION PROVISION:

    Replacement cost (subject to limitations) applies to most types of covered
    property (See Valuation Loss Condition in DX T1 00).

DELUXE PROPERTY COVERAGE FORM - ADDITIONAL COVERAGES & COVERAGE EXTENSIONS

The Limits of Insurance shown in the left column are included in the coverage
form and apply unless a Revised Limit of Insurance or Not Covered is shown in
the Revised Limits of Insurance column on the right. The Limits of Insurance
apply in any one occurrence unless otherwise stated.

| | Limits of Insurance | Revised Limits of Insurance |
|---|---|---|
| Accounts Receivable | | |
|     At all described premises | $ 50,000 | $ 250,000 |
|     In transit or at all undescribed premises | $ 25,000 | |
| Appurtenant Buildings and Structures | $ 100,000 | |
| Claim Data Expense | $ 25,000 | |
| Covered Leasehold Interest - Undamaged | | |
|   Improvements & Betterments | | |
|     Lesser of Your Business Personal Property | | |
|     limit or: | $ 100,000 | |
| Debris Removal (additional amount) | $ 250,000 | |
| Deferred Payments | $ 25,000 | |
| Duplicate Electronic Data Processing Data and | | |
|   Media | $ 50,000 | |
| Electronic Data Processing Data and Media | | |
|     At all described premises | Included | |
| Employee Tools | | |
|     In any one occurrence | $ 25,000 | |
|     Any one item | $ 2,500 | |
| Expediting Expenses | $ 25,000 | |
| Extra Expense | $ 25,000 | |

**DX T0 00 11 12**

PRODUCER: COBBS ALLEN & HALL INC            F6382    OFFICE:BIRMINGHAM         014

920FE349-D4A9-4F01-A689-95969FECAF79 : 000010 of 000022

 **TRAVELERS**

One Tower Square, Hartford, Connecticut 06183

DELUXE PROPERTY COVERAGE
PART DECLARATIONS

POLICY NUMBER:  Y-630-2C54369A-IND-16
ISSUE DATE: 09-21-16

DELUXE PROPERTY COVERAGE FORM - ADDITIONAL COVERAGES & COVERAGE EXTENSIONS
(continued)

| | Limits of Insurance | Revised Limits of Insurance |
|---|---|---|
| Fine Arts | | |
|     At all described premises | $    50,000 | |
|     In transit | $    25,000 | |
| Fire Department Service Charge | Included* | |
| Fire Protective Equipment Discharge | Included* | |
| Green Building Alternatives - Increased Cost | | |
|     Percentage   1 % | | |
|     Maximum amount - each building | $   100,000 | |
| Green Building Reengineering and | | |
|   Recertification Expense | $    25,000 | |
| Limited Coverage for Fungus, Wet Rot or | | |
|   Dry Rot - Annual Aggregate | $    25,000 | |
| Loss of Master Key | $    25,000 | |
| Newly Constructed or Acquired Property: | | |
|     Building - each | $ 2,000,000 | |
|     Personal Property at each premises | $ 1,000,000 | |
| Non-Owned Detached Trailers | $    25,000 | |
| Ordinance or Law Coverage | $   250,000 | |
| Outdoor Property | $    25,000 | |
|     Any one tree, shrub or plant | $     2,500 | |
| Outside Signs | | |
|     At all described premises | $   100,000 | |
|     At all undescribed premises | $     5,000 | |
| Personal Effects | $    25,000 | |
| Personal Property At Premises Outside of the | | |
|   Coverage Territory | $    50,000 | |
| Personal Property In Transit Outside of the | | |
|   Coverage Territory | $    25,000 | |
| Pollutant Cleanup and Removal - Annual | | |
|   Aggregate | $   100,000 | |
| Preservation of Property | | |
|     Expenses to move and temporarily store | | |
|      property | $   250,000 | |
|     Direct loss or damage to moved property | Included* | |
| Reward Coverage | | |
|     25% of covered loss up to maximum of: | $    25,000 | |
| Stored Water | $    25,000 | |
| Theft Damage to Rented Property | Included* | |
| Undamaged Parts of Stock In Process | $    50,000 | |
| Valuable Papers and Records - Cost of Research | | |
|     At all described premises | $    50,000 | |
|     In transit or at all undescribed premises | $    25,000 | |
| Water or Other Substance Loss - Tear Out and | | |

DX T0 00 11 12

PRODUCER: COBBS ALLEN & HALL INC       F6382    OFFICE:BIRMINGHAM    014

920FE349-D4A9-4F01-A689-95969FECAF79 : 000011 of 000022


**TRAVELERS**   One Tower Square, Hartford, Connecticut 06183

DELUXE PROPERTY COVERAGE         POLICY NUMBER: Y-630-2C54369A-IND-16
PART DECLARATIONS                ISSUE DATE: 09-21-16

DELUXE PROPERTY COVERAGE FORM - ADDITIONAL COVERAGES & COVERAGE EXTENSIONS
(continued)

| | Limits of Insurance | Revised Limits of Insurance |
|---|---|---|
| Replacement Expense | Included* | |

   *Included means included in applicable Covered Property Limit of Insurance

DELUXE BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM - DESCRIBED PREMISES

| Premises Location No. | Building No. | | Limits of Insurance |
|---|---|---|---|
| BLANKET | BLANKET | $ | 16,950,184 |

   Rental Value: Included
   Ordinary Payroll: Included

DELUXE BUSINESS INCOME - ADDITIONAL COVERAGES AND COVERAGE EXTENSIONS

The Limits of Insurance, Coverage Period and Coverage Radius shown in the left
column are included in the coverage form and apply unless a revised Limit of
Insurance, Coverage Period, Coverage Radius or Not Covered is shown under the
column on the right. The Limits of Insurance apply in any one occurrence unless
otherwise stated.

| | Limits of Insurance, Coverage Period or Coverage Radius | Revised Limits of Insurance, Coverage Period or Coverage Radius |
|---|---|---|
| Business Income From Dependent Property | | |
|   At Premises Within the Coverage Territory | $ 100,000 | |
|   At Premises Outside of the Coverage Territory | $ 100,000 | |
| Civil Authority | | |
|   Coverage Period | 30 days | |
|   Coverage Radius | 100 miles | |
| Claim Data Expense | $ 25,000 | |
| Contract Penalties | $ 25,000 | |
| Extended Business Income | | |
|   Coverage Period | 180 days | |
| Fungus, Wet Rot or Dry Rot - Amended | | |

DX T0 00 11 12

PRODUCER: COBBS ALLEN & HALL INC         F6382    OFFICE:BIRMINGHAM         014

920FE349-D4A9-4F01-A689-95969FECAFF9 : 000012 of 000022

 **TRAVELERS** One Tower Square, Hartford, Connecticut 06183

**DELUXE PROPERTY COVERAGE**
**PART DECLARATIONS**

POLICY NUMBER: Y-630-2C54369A-IND-16
ISSUE DATE: 09-21-16

DELUXE BUSINESS INCOME – ADDITIONAL COVERAGES AND COVERAGE EXTENSION (continued)

| | Limits of Insurance,Coverage Period or Coverage Radius | Revised Limits of Insurance,Coverage Period or Coverage Radius |
|---|---|---|
| Period of Restoration | | |
| Coverage Period | 30 days | |
| Green Building Alternatives - Increased | | |
| Period of Restoration | | |
| Coverage Period | 30 days | |
| Ingress or Egress | $        25,000 | |
| Coverage Radius | 1 mile | |
| Newly Acquired Locations | $       500,000 | |
| Ordinance or Law - Increased | | |
| Period of Restoration | $       250,000 | |
| Pollutant Cleanup and Removal - Annual | | |
| Aggregate | $        25,000 | |
| Transit Business Income | $        25,000 | |
| Undescribed Premises | $        25,000 | |

CAUSES OF LOSS - EARTHQUAKE - aggregate in any one policy year, for all losses covered under the Causes of Loss - Earthquake endorsement, commencing with the inception date of this policy:

Annual
Aggregate Limit

1.  Applies at the following Building(s) numbered:

    001,005,006,008-010,012,013,016-019            $     1,000,000

If more than one Annual Aggregate Limit applies in any one occurrence, the most we will pay is the highest involved Annual Aggregate Limit. The most we will pay during each annual period is the highest of the Annual Aggregate Limits shown.

DX T0 00 11 12

920FE349-D4A9-4F01-A689-95969FECAF79 : 000013 of 000022



**TRAVELERS**                      One Tower Square, Hartford, Connecticut 06183

DELUXE PROPERTY COVERAGE          POLICY NUMBER:  Y-630-2C54369A-IND-16
PART DECLARATIONS                 ISSUE DATE: 09-21-16

CAUSES OF LOSS - BROAD FORM FLOOD - aggregate in any one policy year, for all
losses covered under the Causes of Loss - Broad Form Flood endorsement,
commencing with the inception date of this policy:

                                                      Annual
                                                      Aggregate Limit

   1.  Applies at the following Building(s) numbered:

       006,008-010,012,013,016-018               $      1,000,000

If more than one Annual Aggregate Limit applies in any one occurrence,
the most we will pay is the highest involved Annual Aggregate Limit. The most
we will pay during each annual period is the highest of the Annual Aggregate
Limits shown.

   EXCESS OF LOSS LIMITATION APPLIES - See Causes of Loss - Broad Form Flood
   endorsement.


DEDUCTIBLES:


BY EARTHQUAKE:


   1. In any one occurrence, at the following Building(s) numbered:

      001,005,006,008-010,012,013,016-019         $      50,000


      As respects Business Income Coverage a    72 hour deductible applies
      at all premises locations.


BY "FLOOD":


   1. At the premises location(s) of the following Building(s) numbered:

      006,008-010,012,013,016-018
      in any one occurrence                        $      50,000


      As respects Business Income Coverage a    72 hour deductible applies
      at all premises locations.


DX T0 00 11 12

PRODUCER: COBBS ALLEN & HALL INC          F6382    OFFICE:BIRMINGHAM        014

 **TRAVELERS**

One Tower Square, Hartford, Connecticut 06183

DELUXE PROPERTY COVERAGE
PART DECLARATIONS

POLICY NUMBER: Y-630-2C54369A-IND-16
ISSUE DATE: 09-21-16

DEDUCTIBLES: (continued)

BUSINESS INCOME:

    As respects Business Income Coverage, for which no other deductible is
stated above or in the coverage description, a  72 hour deductible applies.

ANY OTHER COVERED LOSS in any one occurrence:        $    10,000

920FE349-D4A9-4F01-A689-95969FECAF79 : 000015 of 000022

**DX T0 00 11 12**

PRODUCER: COBBS ALLEN & HALL INC        F6382    OFFICE:BIRMINGHAM    014

POLICY NUMBER: Y-630-2C54369A-IND-16                    ISSUE DATE: 09-21-16

# MORTGAGE HOLDER SCHEDULE

| Premises Loc. No. | Bldg. No. | Mortgage Holder Name and Mailing Address |
|---|---|---|
| 8 | 8 | FIRST SECURITY BANK<br>300 FREDERICA STREET<br>OWENSBORO          KY 42301 |
| 9 | 9 | FIRST SECURITY BANK<br>300 FREDERICA STREET<br>OWENSBORO          KY 42301 |
| 10 | 10 | FIRST SECURITY BANK<br>300 FREDERICA STREET<br>OWENSBORO          KY 42301 |
| 12 | 12 | FIRST SECURITY BANK<br>300 FREDERICA STREET<br>OWENSBORO          KY 42301 |

920FE349-D4A9-4F01-A689-95969FECAF79 : 000016 of 000022

DX 00 01 07 94

**LOCATION SCHEDULE**          **POLICY NUMBER:** Y-630-2C54369A-IND-16

This Schedule of Locations and Buildings applies to the Common Policy Declarations for the period
09-01-16 to 09-01-17.

| Loc. No. | Bldg. No. | Address | Occupancy |
|---|---|---|---|
| 1 | 1 | 3879 RHODES AVENUE<br>NEW BOSTON, OH 45662 | DAYMAR LEARNING OF OHIO |
| 5 | 5 | 119 FAIRFIELD AVENUE SUITE 400<br>BELLEVUE, KY 41073-1184 | DAYMAR LEARNING, INC. |
| 6 | 6 | 1105 NATIONAL MINE ROAD<br>MADISONVILLE, KY 42431-8913 | DAYMAR LEARNING, INC. |
| 8 | 8 | 4112 FERN VALLEY RD<br>LOUISVILLE, KY 40219-1973 | DAYMAR PROPERTIES OF LOUISVILLE LLC |
| 9 | 9 | 2421 FITZGERALD INDUSTRIAL DR.<br>BOWLING GREEN, KY 42101-4082 | DAYMAR PROPERTIES OF BOWLING GREEN |
| 10 | 10 | 415 GOLDEN BEAR CT<br>MURFREESBORO, TN 37128 | DAYMAR PROPERTIES OF MURFREESBORO |
| 12 | 12 | 2961 TRENTON ROAD<br>CLARKSVILLE, TN 37040 | DAYMARPROPERTIES OF CLARKSVILLE,LLC |
| 13 | 13 | 206 SAM WALTON DR<br>RUSSELLVILLE, KY 42276-9388 | DRAUGHONS JUNIOR COLLEGE,INC. |
| 15 | 16 | 3361 BUCKLAND SQUARE<br>OWENSBORO, KY 42301-5830 | DAYMAR PROPERTIES |
| 16 | 17 | 2745 WINCHESTER PIKE<br>COLUMBUS, OH 43232 | DAYMAR COLLEGE AND GROVEPORT MADISO |
| 17 | 18 | 560 ROYAL PARKWAY<br>NASHVILLE, TN 37214 | DAYMAR COLLEGE  DBA DRAUGHONS JUNIO |
| 18 | 19 | 920 FREDERICA STREET, STE. 107<br>OWENSBORO, KY 42301-3076 | SCHOOL |

920FE349-D4A9-4F01-A689-95969FECAF79 : 000017 of 000022

POLICY NUMBER: Y-630-2C54369A-IND-16                    GENERAL PURPOSE ENDORSEMENT

ITEM 1 NAMED INSURED TO READ:

DAYMAR HOLDINGS, INC.
DRAUGHONS JUNIOR COLLEGE, INC.
DAYMAR LEARNING OF OHIO, INC.
DAYMAR LEARNING, INC.
DAYMAR LEARNING OF PADUCAH, INC.
DAYMAR COLLEGES GROUP, LLC
DAYMAR PROPERTIES OF BOWLING GREEN, LLC
DAYMAR PROPERTIES OF OWENSBORO, LLC
DAYMAR PROPERTIES OF CLARKSVILLE, LLC
DAYMAR PROPERTIES OF NASHVILLE, LLC
DAYMAR PROPERTIES OF MURFREESBORO, LLC
DAYMAR PROPERTIES OF LOUISVILLE, LLC

920FE349-D4A9-4F01-A689-95969FECAF79 : 000018 of 000022


**TRAVELERS**

The Travelers Indemnity Company
Po Box 50473
Indianapolis, IN 46250-0473

08/03/2017

**Daymar Holdings, Inc.**
**Attn: Angela Curry**
**920 Frederica St Ste 107**
**Owensboro KY 42301**

| | |
|---|---|
| **Insured:** | Daymar Holdings, Inc. |
| **Claim Number:** | DHR1448 |
| **Policy Number:** | YK630-2C54369A |
| **Date of Loss:** | 07/11/2017 |
| **Loss Location:** | 4112 Fern Valley Rd Louisville KY |

Dear Ms. Curry,

I am following up on our recent conversation about your claim. As we discussed, after researching this claim, The Travelers Indemnity Company determined that your policy does not cover your claim. The reasons for this determination are outlined below.

You presented a claim for vandalism damages that occurred at the above referenced property. We inspected the damages with you, your realtor, and your contractors on 08/03/2017. Our research found that the roof top AC units and ventilation fans had been vandalized and removed allowing water to enter through the openings causing the interior damages being claimed. Since the property has been vacant since February 1, 2017, your policy does not provide coverage.

As a reference, I have provided the following section of your policy, (Deluxe Property Coverage Form, DX T1 00 11 12), which explains that this type of loss is excluded:

**A. COVERAGE**
    We will pay for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss.
...

**D. LIMITATIONS**
    The following limitations apply to all coverage forms and endorsements unless otherwise stated.
...

3. If the building where loss or damage occurrs has been "vacant" for a period of more than 60 consecutive days before that loss or damage occurs:
    a. We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:
        **(1)** Vandalism;
        **(2)** Sprinkler leakage, unless you have protected the system against freezing;
        **(3)** Building glass breakage;
        **(4)** Water damage;
        **(5)** Theft; or
        **(6)** Attempted theft.

***

Exhibit 2

P0397

920FE349-D4A9-4F01-A689-95969FECAF79 : 000019 of 000022

This decision is based on the information and documentation we received during our research of this claim. If you are aware of any new or different information or documentation that might lead us to reconsider our decision, please contact me immediately.

Your policy may have other terms, conditions and exclusions that apply to this claim. We do not waive any rights, including our right to deny coverage, for any other valid reason under the policy or at law.

Please review the legal action against us condition of your policy as it contains important information about the period of time in which you may bring legal action.

If you have any questions, please contact me at (860)990-0230 or KHOOVER@travelers.com.

Sincerely,

Kyle Hoover
Claim Professional
Direct: (860)990-0230
Office: (877)872-8228 Ext. 8052
Fax: (800)688-1493
Email: KHOOVER@travelers.com


CC: Cobbs Allen - Hall Inc

### ASSIGNMENT OF CLAIM UNDER POLICY OF INSURANCE

This Assignment of Claim under Policy of Insurance (the "Assignment") is made and entered into effective October 30, 2017 by and between Daymar Properties of Louisville, LLC and Daymar Holdings, Inc. (collectively, "Assignor") and Landmark Recovery of Louisville, LLC (the "Assignee").

### RECITALS

1.    Daymar Properties of Louisville, LLC is the owner of certain real property situated at 4112 Fern Valley Road, Louisville, Kentucky (the "Property").

2.    The Property is insured against loss by casualty under a Commercial Insurance policy issued by The Travelers Indemnity Company, Policy Number YK-630-2C54369A-IND-16 (sometimes referred to by the number Y-630-2C54369A-IND-16) (the "Policy").

3.    Under a Real Estate Sale and Purchase Agreement dated January 10, 2017 (the "Purchase Agreement"), Daymar Properties of Louisville, LLC has agreed to sell the Property to Assignee.

4.    After the execution and delivery of the Purchase Agreement, but prior to the Closing, the Property suffered certain casualty losses. Assignor made a claim under the Policy for payment in respect of the Loss. That Claim was designated by the insurer as Claim Number DHR1448 (the "Claim"). The Claim was initially denied by the insurer on August 3, 2017.

5.    As part of its arrangement to induce the Assignee to waive it right to terminate the Purchase Agreement as a result of the casualty loss, Assignee has agreed to assign the Claim to Assignee.

NOW THEREFORE,

1.    Assignment of Claim. Assignor assigns to Assignee all of Assignor's rights under the Policy relating to the Claim. Pursuant to this Assignment, Assignee may, at Assignee's sole expense (a) prosecute the Claim, through administrative or judicial or ADM proceedings, either in its name or in the name of Assignor, (b) recover and apply to Assignor's sole benefit any amounts paid by the insurer in respect of the Claim.

2.    COOPERATION IN PROSECUTION OF THE CLAIM. From and after the date hereof, Assignor shall (and shall cause its officers, agents, employees and affiliates to) cooperate in all reasonable respects with the prosecution of the Claim by Assignee. Assignor's obligation to cooperate hereunder shall include:

Exhibit 3

**EXHIBIT A**

2.1.   Notifying the insurer of the assignment and completing and executing such additional notices, consents, forms, or assignments as are required by the insurer to memorialize and complete the assignment;

2.2.   Providing information as reasonably requested by Purchaser in connection with the Claim and giving testimony (personally and/or by affidavit) as required in any administrative or judicial proceeding or in any private mediation or arbitration in connection with the Claim.

Daymar Properties of Louisville, LLC

By: _____

Title: Chief Manager

Daymar Holdings, Inc.

By: _____

Title: Chief Executive Officer